## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROSCOE ROCK AND SAND INC.,** | |
| Plaintiff, | `FILED: JULY 18, 2008` |
| | No. `08CV4091` |
| v. | `JUDGE HART` |
| | `MAGISTRATE JUDGE MASON` |
| **INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO,** | `RCC` |
| Defendant. | |

### PLAINTIFF'S COMPLAINT AND PETITION FOR DECLARATORY JUDGMENT AND  PERMANENT INJUNCTION TO STAY ARBITRATION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Roscoe Rock and Sand Inc., by its attorneys, seeks a Declaratory Judgment under Fed. Rule of Civ. Pro. 57 and 28 U.S.C. § 2201.  Plaintiff, alleges and states as follows:

### PARTIES

1.    Roscoe Rock and Sand, Inc. ("Roscoe"), is an Illinois corporation authorized to do business in the State of Illinois, and is an employer in an industry affecting commerce. Roscoe's principal place of business in Illinois is located at 5029 McCurry Road, P.O. Box 1027, Roscoe, IL 61073.

2.    International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150") holds itself out as "a labor organization representing employees in an industry affecting commerce," and is authorized to do business in the State of Illinois.  Local 150's principal place of business in Illinois is located at 6140 Joliet Road, Countryside, IL 60525.

## JURISDICTION AND VENUE

3.     This Petition, brought pursuant to Fed. Rule of Civ. Pro. 57 and 28 U.S.C. § 2201, seeks a declaration of law that Plaintiff, Roscoe, is not a party, successor, or in any way bound by the Collective Bargaining Agreement ("CBA" or "Agreement") between Illinois Mining Corporation ("Illinois Mining") and Defendant, Local 150. (Exhibit A.) Since this action deals with the violation of a CBA and seeks an interpretation thereof, subject mater jurisdiction is proper under § 301 of Labor Management Relations Act ("LMRA"). 29 U.S.C. § 185. Additionally, this action seeks recovery of costs and fees incurred due to the unfair labor practice committed by Local 150 in violation of § 8(b) of the National Labor Relations Act ("NLRA") 29 U.S.C. § 158(b).

4.     This Court has personal jurisdiction over Defendant, Local 150 because its "duly authorized" agents are engaging in representation activities, as defined under § 301(c) of LMRA, in the Northern District of Illinois. 29 U.S.C. § 185(c). Further, Defendant is subject to the general jurisdiction of this Court because of its continuous and systematic contacts with the State of Illinois.

5.     Venue is proper in this Court because Cook County is the county of Defendant's principal office in Illinois, which is located at 6140 Joliet Road, Countryside, IL 60525. *See* 29 U.S.C. § 1132(e)(2).

## FACTS

6.     Roscoe is a non-union construction company in the business of, among other things, supplying aggregate stone.

7.     Local 150 attempted to organize and represent Roscoe's employees for the purposes of collective bargaining, but failed to do so.  The National Labor Relations Board ("NLRB") conducted a duly authorized election on March 20, 2002. (Exhibit B.)  A tally of the ballots revealed that a majority of the voting employees did not select Local 150 to be their bargaining representative.  The NLRB certified the election results on March 28, 2002.  (Ex. B.)  Because Local 150 has never been selected by a majority of Roscoe's employees to be their bargaining representative, Local 150 has no legal right to engage in collective bargaining on their behalf, including the filing of any grievances.

8.     Illinois Mining is a signatory with Local 150 to the Northern Illinois Material Producers' Association ("NIMPA") Collective Bargaining Agreement ("CBA" or "Agreement"). (Portions attached hereto as Exhibit A.)

9.     In 2007, Roscoe entered into a leasing agreement, to lease a small quarry from Illinois Mining Company.  (Exhibit C.)  This lease agreement does not mention the assignment of any duties under the NIMPA CBA.  (Ex. C.)

10.    Based on information and belief, the quarry located on Pieper Road in Durand, Illinois ("Quarry"), was purchased by Illinois Mining in January of 2003.

11.    Roscoe worked in the Quarry for a brief period of time in March of 2007.

12.    The NIMPA CBA contains a successors and assigns clause found in Article XXII, which states that "[i]n the event that the Company [Illinois Mining] sells or leases all, or substantially all of the assets of the Company," the purchaser or lessee assumes the agreement, and is bound to its terms and conditions.  (Exhibit D.)

13.    Based on information from Illinois Mining, the Quarry constitutes a "non-core holding" with less than one percent (1%) of its payroll being paid at that location.  (Exhibit E.)

-3-

14.   Local 150 filed an alleged grievance claiming that Roscoe is bound, as a successor, to the NIMPA CBA, and was "not paying appropriate wages and fringe benefits as required by the CBA." (Exhibit F.)

15.   The grievance also alleges that "Roscoe is subcontracting to non-signatories in violation of [the] CBA." (Ex. F.)

16.   Local 150 has demanded arbitration of that grievance against Roscoe, and through that grievance and arbitration seeks to apply the terms of the NIMPA CBA to Roscoe. (Ex. F.)

17.   Local 150's demands for arbitration have continued to the present time. (Exhibit G.)

18.   On October 5, 2007, the American Arbitration Association ("AAA") appointed an arbitrator, Mr. Steven M. Bierig, to hear the grievance. (Exhibit H.) On March 5, 2008, Arbitrator Bierig scheduled the arbitration hearing for September 12, 2008. (Exhibit I.)


**COUNT ONE:  DECLARATION OF NON-SIGNATORY STATUS**

19.   Plaintiff re-avers and incorporates the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

20.   Plaintiff is not a signatory to the Collective Bargaining Agreement between Local 150 and Illinois Mining.  As such, Plaintiff is not bound to any duties or obligations arising out of that contract.

21.   Plaintiff seeks a judgment by this Court declaring that the CBA, is unenforceable and void, as to Roscoe.


**COUNT TWO:  PERMANENT INJUNCTION TO STAY ARBITRATION**

22.   Plaintiff re-avers and incorporates the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23.   Plaintiff is not bound to the CBA between Local 150 and Illinois Mining.

24.   The duty to arbitrate grievances, being of contractual creation, pertains only to
      contracting parties.  Therefore, Plaintiff has no legally enforceable contractual obligation
      under any binding arbitration agreement to present grievances between Plaintiff and
      Defendant to arbitration.

25.   Plaintiff seeks a judgment by this Court declaring that the CBA, and arbitration clause
      contained therein, is unenforceable and void, as to Roscoe.

26.   Plaintiff, further seeks a judgment by this Court granting a Permanent Injunction to Stay
      Arbitration, and to enjoin Arbitrator Steven M. Bierig, or any other arbitrator, from
      hearing and adjudicating the merits of this grievance, and to permanently enjoin
      Defendant from seeking to compel arbitration in this, or any related, matter.

## COUNT THREE:  ATTORNEYS FEES AND COSTS

27.   Plaintiff re-avers and incorporates the allegations set forth in paragraphs 1 through 26 as
      if fully set forth herein.

28.   Plaintiff seeks its reasonable attorneys fees and costs of the suit pursuant to § 303 of the
      LMRA.  *See* 29 U.S.C. § 187.

## PRAYER

WHEREFORE, based on this Petition, and the facts, argument, and authority contained
therein, Plaintiff, Roscoe Rock and Sand, Inc., asks that Defendant, Local 150, be cited to appear
and answer, and that the Court enter judgment:

       a.     declaring the NIMPA CBA unenforceable and void against Roscoe as a matter of
              law;

b.      declaring the NIMPA benefit plan unenforceable and inapplicable to Roscoe;

c.      awarding Plaintiff reasonable and necessary attorneys fees;

d.      awarding Plaintiff costs of suit;

e.      granting Plaintiff injunctive relief to permanently stay arbitration;

f.      enjoining Defendant to bind Roscoe to arbitration under the NIMPA CBA or from filing any action or motion to compel arbitration;

g.      enjoining the American Arbitration Association, and Arbitrator Steven M. Bierig, from scheduling a hearing date for arbitration of any grievance brought by Local 150 under the NIMPA CBA against Plaintiff, from issuing any subpoena in such a grievance, and from adjudicating this, or any other, grievance; and

h.      awarding Plaintiff all other relief, in law and in equity, to which it may be entitled.

Respectfully submitted,

ROSCOE ROCK AND SAND, INC.

/s/  Frederick L. Schwartz
One of Its Attorneys

Frederick L. Schwartz (#06204341)
Alan A. Satyr (#6238021)
LITTLER MENDELSON, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
Phone: (312) 372-5520
Fax: (312) 372-7880
*Attorneys for Plaintiff*

Dated: July 18, 2008

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing has been served on the following by electronic mail and registered mail with postage pre-paid, on July 18, 2008:

Bryan Diemer, Counsel for Defendant
IUOE, Local 150, AFL-CIO
6140 Joliet Road
Countryside, IL 60525


Monica F. Martin-Tyler, Case Manager
American Arbitration Association
American Center Building
27777 Franklin Road, Suite 1150
Southfield, MI  48034
tylerm@adr.org


Steven M. Bierig, Arbitrator
P.O. Box 438
Highland Park, IL 60035.
Phone: 847-236-1003
Fax: 847-236-1021
Email: arb438@comcast.net

Respectfully submitted,


_/s/  Frederick L. Schwartz_
Frederick L. Schwartz (#06204341)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

ROSCOE ROCK AND SAND INC.,

Plaintiff,

v.

INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL
150, AFL-CIO,

Defendant.

No. 08CV4091
JUDGE HART
MAGISTRATE JUDGE MASON
RCC

### PLAINTIFF'S TABLE OF EXHIBITS

**Exhibit A:** Excerpts from the Collective Bargaining Agreement Between the Northern Illinois Material Producers' Association and International Union of Operating Engineers, Local 150, AFL-CIO.

**Exhibit B:** Certified Election Results Dated March 28, 2002 from the National Labor Relations Board Certifying Vote of Roscoe's Employees Against Local 150.

**Exhibit C:** Lease Agreement Between Roscoe Rock & Sand, Inc. and Illinois Mining Company Concerning the Quarry on Pieper Road in Durand, Illinois.

**Exhibit D:** Letter Dated June 15, 2007 to Ms. Martin-Tyler from Local 150 Alleging Article XXII of the NIMPA Agreement as the Basis for Demanding Arbitration.

**Exhibit E:** Letter Dated June 29, 2007 to Ms. Marge Bauch from Illinois Mining Corporation Stating Quarry's Relation to Company's Total Assets.

**Exhibit F:** Grievance Dated April 6, 2007 and Attached Letter Demanding Arbitration of Grievance.

**Exhibit G:** Letter Dated February 20, 2008 to Parties from the American Arbitration Association Confirming the Continuation of Local 150's Demand for Arbitration of the Grievance.

**Exhibit H:** Letter Dated October 5, 2007 to Parties from the American Arbitration Association Appointing Steven Bierig as the Arbitrator in this Matter.

**Exhibit I:** Notice of Hearing Dated March 5, 2008 from the American Arbitration Association Scheduling a Hearing for September 12, 2008 Before Arbitrator Steven Bierig.

08CV4091
JUDGE HART
MAGISTRATE JUDGE MASON
RCC

# EXHIBIT A

# COLLECTIVE BARGAINING
# AGREEMENT

## between the

## NORTHERN ILLINOIS MATERIAL
## PRODUCERS ASSOCIATION



## and

## INTERNATIONAL UNION OF
## OPERATING ENGINEERS

**Effective May 1, 2005 through April 30, 2010**

exclusive bargaining agent of the employees within the classifications of work set forth in Article VI hereof and who are employed at the pits, yards, quarries and operations of the Companies that are located within the present geographic area of jurisdiction of the Union, for the purpose of collective bargaining with respect to rates of pay, hours and other conditions of employment. As a matter of jurisdiction, all work that has been performed by custom or practice, by employees of a Company within this particular industry shall continue to be so performed.

**Section 2 - Union Shop.** All employees shall be obligated to become members of the Union after the 30th, but not later than the 35th day of employment, the date of the execution of this Agreement or the effective date of this clause, whichever occurs later, as a condition of continued employment. All employees who are members of the Union shall maintain their membership in the Union as a condition of continued employment. Any employee who fails to become a member of the Union or fails to maintain his membership therein in accordance with the foregoing shall forfeit his right of employment, and the Company shall immediately discharge such employee, provided however, that the foregoing shall be strictly interpreted, construed and applied in accordance with the applicable provisions of the Labor-Management Relations Act of 1947, as amended.

## ARTICLE II

## GRIEVANCES AND ARBITRATION

**Section 1 -** A grievance shall consist of a difference or dispute between the Company and an employee ("employee grievance") or between the Company and the Union ("Union grievance") as to the interpretation or application of the terms of this Agreement which has been referred to this grievance procedure.

2



(a) To be valid, the grievance must be reduced to writing, signed by the employee in the case of an employee grievance, or the Union in the case of a Union grievance, and presented to the Company within two weeks following the occurrence of the event giving rise to the grievance.

(b) Each time limit set forth in a step of the grievance procedure must be adhered to (unless an extension is mutually agreed to within the original time limits) or the grievance shall be deemed to have been settled on the basis of the Company's answer at the preceding step, unless the failure to adhere to the time limits is caused by the Company.

**Section 2** - The grievance procedure shall be as follows:

**Step 1** - An effort shall be made to adjust the grievance by and between the employee having the grievance and his supervisor. The Company shall give a written answer to the grievance within seven (7) calendar days following presentation of the grievance to the Company.

**Step 2** - If the Company's answer does not resolve the grievance, the Business Representative of the Union and a representative of the Company shall meet and attempt to resolve the grievance within two (2) weeks following the Company's answer at Step 1 or from the date a union grievance is received, as the case may be. The Company shall give its answer in writing within seven (7) calendar days following this Step 2 meeting.

**Step 3** - If the Company's answer does not resolve the grievance, it may then be submitted to arbitration within two (2) weeks after conclusion of Step 2 in the following manner:

(a) The party desiring arbitration shall notify the other party in writing that it is demanding arbitration

(b) Within seven (7) calendar days after the receipt of such demand, the Company and the Union shall jointly request from the American Arbitration Association a panel of arbitrators, but not less than seven (7), from which panel a single arbitrator shall be selected.

(c) Selection of the single arbitrator shall be made from the panel in accordance with the Voluntary Labor Arbitration Rules of the American Arbitration Association.

(d) A mutually agreeable place and date for the hearing shall be arranged through the services of the American Arbitration Association.

(e) The matter shall then proceed to arbitration as quickly as possible and the arbitrator so selected shall hear all evidence and then render a decision based on the evidence and the Agreement. The arbitrator shall be bound by the terms and provisions of this Agreement and shall have authority to consider only grievances presenting an arbitrable issue under this Agreement. The Arbitrator shall have no authority to add to, subtract from, modify or amend any of the provisions of this Agreement. Furthermore, it is specifically agreed that no arbitrator shall have the authority to establish or modify any wage rate or job classification or authority to decide the appropriate classification of any employee. A decision of the arbitrator on any grievance within the scope of the issue submitted shall be final and binding on the Company, the Union and the employee or employees involved. The arbitrator's fee and expenses shall be paid equally by the parties to the arbitration. Each party shall pay its own expenses with respect to its own witnesses, stenographer

4

08CV4091
JUDGE HART
MAGISTRATE JUDGE MASON
RCC

# EXHIBIT  B

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
SUBREGION THIRTY-THREE

ROSCOE READY-MIX, INC.,
ROSCOE ROCK & SAND, INC.
AND BEE LINE READY-MIX

                      Joint Employers

    and                                        Case 33-RC-4665
                                                 Stipulated

TEAMSTERS LOCAL UNION NO. 325,
AFFILIATED WITH THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, AFL-CIO
AND INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 150, AFL-CIO

                      Joint Petitioners

## CERTIFICATION OF RESULTS OF ELECTION

An election has been conducted under the Board's Rules and Regulations. The Tally of Ballots shows that no collective bargaining representative has been selected. No timely objections have been filed.

As authorized by the National Labor Relations Board,

It is certified that a majority of the valid ballots have not been cast for any labor organization, and that no labor organization is the exclusive representative of the employees in the bargaining unit described below:

All production and operations employees, including but not limited to drivers and operators, employed by the Joint Employers at their facilities located in Roscoe, Belvidere, Durand and Pecatonica, Illinois; but excluding all office clerical employees, professional employees, managerial employees, guards and supervisors as defined in the Act.

Dated at Peoria, Illinois this March 28, 2002

                                   Ralph R. Tremain, RD
                                   Region 14

                    By:

                                   Will J. Vance, Officer-In-Charge
                                   National Labor Relations Board
                                   Subregion Thirty-Three
                                   300 Hamilton Square, Suite 200
                                   Peoria, Illinois  61602

FORM NLRB-760
(12-52)

—

UNITED STATES OF AMERICA
**NATIONAL LABOR RELATIONS BOARD**

| | | |
|---|---|---|
| ROSCOE READY-MIX, INC., ROSCOE ROCK & SAND, INC. AND BEE LINE READY-MIX<br><br>Joint Employers<br><br>and<br><br>TEAMSTERS LOCAL UNION NO. 325, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO AND INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO<br><br>Joint Petitioners | Case No. 33-RC-4665 | Date Filed<br>2/07/02 |
| | Date Issued 3/20/02 | |

Type of Election
(Check one:)
☒ Stipulation
☐ Board Direction
☐ Consent Agreement
☐ RD Direction
Incumbent Union *(Code)*

(If applicable check either or both:)
☐ 8(b) (7)
☐ Mail Ballot

### TALLY OF BALLOTS

The undersigned agent of the Regional Director certifies that the results of the tabulation of ballots cast in the election held in the above case, and concluded on the date indicated above, were as follows:

1. Approximate number of eligible voters ................................................ **31**

2. Number of Void ballots ................................................................. **1**

3. Number of Votes cast for   **JOINT PETITIONERS** ................................ **6**

   ~~XXXXXXXXXXXXXXXXX~~ ........................................

   ~~XXXXXXXXXXXXXXXXX~~ ........................................

6. Number of Votes cast against participating labor organization(s) ................... **23**

7. Number of Valid votes counted (sum of 3, 4, 5, and 6) ............................ **29**

8. Number of Challenged ballots ....................................................... **1**

9. Number of Valid votes counted plus challenged ballots (sum of 7 and 8) ........... **30**

10. Challenges are (<u>not</u>) sufficient in number to affect the results of the election.

11. A majority of the valid votes counted plus challenged ballots (item 9) has (<u>not</u>) been cast for _____

    **JOINT PETITIONERS**

For the Regional Director ___ By: _*Greg Pinsay*_
Board Agent - Subregion 33

The undersigned acted as authorized observers in the counting and tabulating of ballots indicated above. We hereby certify that the counting and tabulating were fairly and accurately done, that the secrecy of the ballots was maintained, and that the results were as indicated above. We also acknowledge service of this tally.

For **JOINT EMPLOYERS** _____      For **JOINT PETITIONERS** _____

For _____      For _____

08CV4091
JUDGE HART
MAGISTRATE JUDGE MASON
RCC

# EXHIBIT C

Contract proposal between:
Illinois Mining Corp. / Duran Yard 39 & Roscoe Rock & Sand, Inc.
For Contract Purchase Agreement (CPA)

The detailed amounts of the purchase agreement are separate from this Contract Purchase Agreement (CPA).

This Contract Purchase Agreement (CPA) to begin (December 15th 2006 an ends December 15th 2008), running 2 consecutive 12 month periods for a duration up to 2 years without change. The Contract Purchase Agreement (CPA) can be canceled by either party with due notice for a justified cause. Whereby due notice for lease would be either party giving other party six months written notice*. Due notice for purchase of property could be verbal**.  Justified cause for cancellation of agreement is listed in contract***.

The royalty payment based on material solely produced by Roscoe Rock & Sand, Inc. after December 15th, 2006 shall be straight royalty payments made from Roscoe Rock & Sand, Inc. to Illinois Mining Corp. to total $.65 per ton for material removed from the face, not already stockpiled in the yard.  Royalty payments will be based on blasting records from Roscoe Rock & Sand, Inc. and will be reported to Illinois Mining Corp. as they occur but will be paid no more than 60 days after date of blasting. Royalty payments will in no way effect the final purchase prices of the property in the Contract Purchase Agreement (CPA).

The second form of payment will be based on Illinois Mining Corp.'s  stockpiled materials that have been blasted from the face and processed prior to December 15th, 2006 that no royalty payment has been made on.  Roscoe Rock & Sand, Inc. will be responsible for billing, loading, and collecting payment for the material sold after December 15th 2006.  Monies paid to Illinois Mining Corp. by Roscoe Rock & Sand for sales of stockpiled materials, will be deducted from the final purchase price of the property in the Contract Purchase Agreement (CPA).

Stockpile payment to be made from Roscoe Rock & Sand, Inc. to Illinois Mining Corp. for stockpile materials sold, after December 15th 2006.  Amount due to Illinois Mining Corp. would be based on the agreed upon Royalty Price (as listed below) and paid to Illinois Mining Corp, no later than 90 days after date of sale, whereas, sale date being determined by the date material is hauled from the pit in its original or processed form.

In addition Roscoe Rock & Sand, Inc. is also responsible for payment of utilities at the Durand Facility during the duration of this contract.

Estimated amounts of said material, these are just estimates, are listed below...

| Material | Estimated ton's | Royalty Price | | Roscoe Rock & Sand, Inc Suggested/Sale/Price***** | |
|---|---|---|---|---|---|
| 1-1/2" | 7,000 ton's | $3.00 | (21,000) | $4.50 | (31,500) |
| 7/8" | 5,000 tons | $3.50 | (17,500) | $6.00 | (25,000) |
| 3/8" Chips | 6,000 tons | $3.50 | (21,000) | $5.50 | (30,000) |
| 3" | 6,000 tons | $3.00 | (18,000) | $4.50 | (27,000) |
| CA-6 (new) | 14,000 tons | $3.00 | (42,000) | $4.50 | (63,000) |
| CA-6 (old) | 6,000 tons | $1.50 | (9,000) | $2.50 | (15,000) |
| Screening | 0 tons | $1.00 | | N/A | |
| 3" Minus | 6,000 tons | $1.00 | (6,000) | $2.50 | (15,000) |

Sub totals (134,500)     (206,500)

Difference of (72,000)

Estimated tons will not equal scaled material but if Roscoe Rock & Sand, Inc. disputes estimate this should be brought to Illinois Mining Corp.'s attention for adjustment on future record.

Loading, scaling, and billing of said material is the sole responsibility of Roscoe Rock & Sand, Inc. Roscoe Rock & Sand, Inc. agrees to leave a machine at the quarry that can be used for loading. The machine will be insured by Roscoe Rock & Sand, Inc. and Roscoe Rock & Sand, Inc. will supply Illinois Mining Corp. with a certificate of insurance. All customers should call Roscoe Rock & Sand, Inc. to coordinate for loading and scale use. Under this agreement Roscoe Rock & Sand will be solely responsible for all mining operations on the property for the materials afore mentioned in this contract

If at anytime during this two-year lease Contract Purchase Agreement (CPA) Roscoe Rock & Sand, Inc. exercises their purchase option for the property Roscoe Rock & Sand, Inc. will honor the currently existing land contract between Illinois Mining Corp. and Jim Blunt the tenant farmer.
At any time prior to Roscoe Rock & Sand, Inc. exercising their purchase option Illinois Mining Corp. will remain in full control of all property not being actively mined at the site and this agreement will in no way effect the already existing agreement between the tenant farmer, Jim Blunt, and Illinois Mining Corp.

Illinois Mining Corp. reserves the right to mine and/or produce specialty products for their own use i.e. flag stone, ledge rock, dry wall etc. Illinois Mining Corp. will not interfere with Roscoe Rock & Sand, Inc. production.

*If at any time Roscoe Rock & Sand Inc. expresses no further interest in purchasing the Durand site, six months written notice for cancellation should be given prior to May 15th of the same year with consideration time for Roscoe Rock & Sand, Inc. to remove any stockpiles of material that have been made prior to December 15th of that same year will extend till Jan 15th of the following year, this consideration will be part of the contract purchase (CPA).

**Under this purchase agreement Roscoe Rock & Sand Inc. has first option to purchase the property for an agreed upon price or match any offer greater than the agreed upon

amount made to Illinois Mining Corp. for the duration of this contract being December 15th 2006 to Dec. 15th 2008. If at any time prior to the December 15th 2008 date Roscoe Rock & Sand Inc. expresses no further interest in purchasing the property, Illinois Mining Corp. can find another buyer for the property.

*** Justified cause for Illinois Mining Corp. would be, after Roscoe Rock & Sand Inc. has failed to exercise their option to purchase the property, sale of property by Illinois Mining Corp. to another buyer. Justified cause for Roscoe Rock & Sand, Inc., OPEN.

***** Illinois Mining Corp. will be allowed to purchase materials produced by Roscoe Rock & Sand, Inc. after December 15th 2006, for resale to its own customers, (based on availability), for an agreed upon suggested sale price between the two parties. This price may be adjusted from year to year by Roscoe Rock & Sand, Inc. giving Illinois Mining Corp. written notice of increases with consideration given for projects already started.

08CV4091
JUDGE HART
MAGISTRATE JUDGE MASON
RCC

# EXHIBIT D

# INTERNATIONAL UNION OF OPERATING ENGINEERS

### LOCAL UNION NO. 150, 150A, 150B, 150C, 150D, 150E, 150F, 150G, 150H



**LEGAL DEPARTMENT**

6140 JOLIET ROAD
COUNTRYSIDE, IL 60525

708-579-6663
FAX 708-588-1647

DALE D. PIERSON
ELIZABETH A. LAROSE
MELINDA S. HENSEL
ROBERT E. ENTIN

GRYON R. DEMER
CHARLES S. IHSER
MARC R. POULOS
JAMES J. CLEROH
ROSEAT G. REITER, JR.
JENNIFER A. ANDREC
STEVEN M. STEWART

June 15, 2007

<u>VIA FACSIMILE AND REGULAR MAIL</u>
Ms. Monica Martin-Tyler
American Arbitration Association
American Center Building
27777 Franklin Road, Suite 1150
Southfield, MI 48034-8208

Re:  IUOE, Local 150, AFL-CIO and Roscoe Rock & Sand
AAA No. 51.300 00552 07
Grievance No. 07-044 (Loader Subcontracting)
Our File No. GA-00443

Dear Ms. Martin-Tyler:

This in response to your letter of June 5, 2007, regarding the above matter.

On January 7, 1990, Illinois Mining Corporation signed a Memorandum of Agreement with Local 150 in which Illinois Mining Corp. adopted the terms of the Northern Illinois Material Producers' Agreement ("NIMPA"). Article XXII of NIMPA provides:

> In the event that the Company sells or leases all, or substantially all of the assets of the Company to a Purchaser or Lessee and the Purchaser or Lessee continues to operate the business in the same manner and on the same basis as prior to the sale, then the Purchaser of Lessee shall be deemed to be a successor to this Agreement and be bound by the terms and conditions thereof to the same extent as was the Company.

Illinois Mining Corp. has leased all or substantially all of its assets at its Roscoe, Illinois, quarry to Roscoe Rock & Sand. Therefore, by virtue of Article XXII in NIMPA, Roscoe Rock & Sand is bound by the terms and conditions of NIMPA to the same extent as was Illinois Mining Corp.



INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL UNION No. 150
**LEGAL DEPARTMENT**

Ms. Monica Martin-Tyler
June 15, 2007
Page 2

Roscoe Rock & Sand's position that it "does not have any affiliation with" Local 150 is therefore without merit. Please provide the parties with a panel of arbitrators at your earliest convenience.

Sincerely,

IUOE, LOCAL 150, AFL-CIO
LEGAL DEPARTMENT

Bryan P. Diemer

BPD/ms
cc:    Steven M. Cisco
       Steve Russo *(via facsimile)*

08CV4091
JUDGE HART
MAGISTRATE JUDGE MASON
RCC

# EXHIBIT E

 **Illinois Mining Corp.**

41 Walter Court          Lake in The Hills, Illinois 60156          (847) 954-1555
                                                                  Fax (847) 954-1564

June 29, 2007

Marge Bauch
Roscoe Rock & Sand Inc.
5029 McCurry Road
P.O. Box 1027
Roscoe, IL 61073

Dear Marge:

Illinois Mining Corporation acquired the property on Pieper Rd in Durand Illinois in January of 2003. The purchase was to add to our strategic mining reserves. It became one of many properties we operated in the Northern Illinois region.

Over the course of the four years we owned and operated the property we incurred less than 1% of our overall payroll at that site. It was not and would never be considered all or substantially all of our assets or operations. It was determined to be a non-core holding and subsequently a deal was struck with Roscoe Rock and Sand Inc.

We do not believe that Article XXII of NIMPA even remotely applies in this situation as the property was not all or substantially all of Illinois Mining Corporation's assets.

Sincerely,

Thomas P. Emma
Chief Financial Officer

08CV4091
JUDGE HART
MAGISTRATE JUDGE MASON
RCC

# EXHIBIT F

# INTERNATIONAL UNION OF OPERATING ENGINEERS

LOCAL UNION NO. 150, 150B, 150A, 150C, 150RA, 150D, 150G, 150M

AFFILIATED WITH THE A.F.L.-C.I.O. AND BUILDING TRADES DEPARTMENT



**WILLIAM E. DUGAN**
PRESIDENT-BUSINESS MANAGER

(708) 482-8800 · FAX (708) 485-7565
6200 JOLIET ROAD
COUNTRYSIDE, IL 60525-3985

April 6, 2007

*Via Fax (815) 389-1858 and*
*(815) 389-1143*
*CM 7005 3110 0003 7554 3790*

Mr. Stephen Bauch
Roscoe Rock & Sand
5029 McCurry Road
Roscoe, Illinois 61073

RE: Roscoe Rock & Sand, Inc. – Violations of Article(s) VI, Section 1 & 8; Article XVI, Sections 1, 2, 3, 5, & 6; and Article XXII of the Northern Illinois Material Producers Association Agreement effective May 1, 2005 through April 30, 2010;
Union File No. 07-044

(Members – Local 150 Out of Work List)
(Loader)

Dear Mr. Bauch:

Please take notice, that the Union hereby demands Arbitration in the above-referenced matter.

Sincerely,
William E. Dugan
PRESIDENT-BUSINESS MANAGER

By: Steven M. Cisco
Recording-Corresponding Secretary

SMC/bca

cc: Steven Russo, Business Representative – Dist. 5
Dale Pierson, General Counsel

# INTERNATIONAL UNION OF OPERATING ENGINEERS

LOCAL UNION NO. 150, 150B, 150A, 150C, 150RA, 150D, 150G, 150M

AFFILIATED WITH THE A.F.L.-C.I.O. AND BUILDING TRADES DEPARTMENT

**WILLIAM E. DUGAN**
PRESIDENT-BUSINESS MANAGER

(708) 482-7400 - FAX (708) 482-7166
6200 JOLIET ROAD
COUNTRYSIDE, IL 60525-3992

# GRIEVANCE

Use additional sheets if necessary

Grievant's Name: Local 150 and all affected bargaining unit members.          Date Filed: MARCH 27, 2007

## STEP ONE / STEP TWO (If Union Grievance)

Date of Incident March 19th 2007 and ongoing at
Durand Location
18484 Pieper Rd.
Durand, IL 61024

Article(s) & Section(s) of Contract Violated:   Including, but not limited to, NIMPA Contract
Article VI   Sections 1 and 8
Article XVI  Sections 1,2,3,5,6
Article XXII

Brief Statement of Facts: Witnessed Roscoe employee's loading their own trucks on March 19, 2007 took pictures of them doing so, talked to the man on the loader said he was not an Operating Engineer and that he was running Roscoe's loader. I asked him if this was still Illinois Mining he said yes but Roscoe was leasing the property.  Roscoe is not paying wages and fringe benefits as required by the CBA. In addition, Roscoe is subcontracting to non-signatories in violation of CBA.

Remedy Sought:     Make whole per CBA and all other Appropriate remedies

Presented To:  Roscoe Rock and Sand
              5029 McCurry Road
              Roscoe, IL 61073 .

Time and Date:  March 27, 2007

Method of Delivery:  Faxed to (815) 389-1143
And also mailed to 5029 McCurry Road. Roscoe, IL 61073

_Stephen Russo_
Representative's Signature

## EMPLOYER'S RESPONSE

Employer's Representative Signature                                          Position

Response Recipient                                                          Date

## STEP TWO / STEP THREE ( If Union Grievance)

Presented To:                          Date and Time:

Representative's Signature

# EXHIBIT  G

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Michigan Labor Center*

February 20, 2008

American Center Building, Suite 1150, 27777 Franklin Road, Southfield, MI 48034-8208
telephone: 800-891-4741 facsimile: 248-352-3147
Internet: http://www.adr.org/

Bryan Diemer
IUOE, Local 150, AFL-CIO
6140 Joliet Road
Countryside, IL 60525

Terence P. Smith
Connelly Sheehan Harris LLP
150 South Wacker Drive
Suite 1600
Chicago, IL 60606

Re: 51 300 00552 07
    IUOE, Local 150, AFL-CIO
    and
    Roscoe Rock & Sand

Grievances:   #07-044 - Loader Subcontracting

Dear Parties:

The Arbitrator is now offering August 27 or September 12, 2008 for a hearing date.

The parties are requested to advise the undersigned immediately of their availability on said date(s). Absent a response by March 3, 2008 , we will assume the date(s) to be satisfactory and a formal Notice of Hearing will be forwarded promptly.

Thank you for your cooperation.

Very truly yours,

Monica F. Martin-Tyler
Case Manager
248 352 5500
tylerm@adr.org

cc:
        Steven M. Bierig, Esq.

08CV4091
JUDGE HART
MAGISTRATE JUDGE MASON
RCC

# EXHIBIT  H

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Michigan Labor Center*

October 5, 2007

American Center Building, Suite 1150, 27777 Franklin Road, Southfield, MI 48034-8208
telephone: 800-891-4741 facsimile: 248-352-3147
internet: http://www.adr.org/

Bryan Diemer
IUOE, Local 150, AFL-CIO
6140 Joliet Road
Countryside, IL  60525

Terence P. Smith
Connelly Sheehan Harris LLP
150 South Wacker Drive
Suite 1600
Chicago, IL  60606

Re: 51 300 00552 07
    IUOE, Local 150, AFL-CIO
    and
    Roscoe Rock & Sand

Grievances:     #07-044 - Loader Subcontracting

Dear Parties:

This is to advise the parties that Steven M. Bierig has been appointed Arbitrator in the above-captioned matter. The Arbitrator has agreed that for this arbitration the per diem for each day of hearing or part thereof, and for all time devoted to considering evidence and the preparation of the Award and Opinion is at the rate stated on the enclosed resume. This Arbitrator's cancellation policy is also described in the resume.

The Arbitrator is offering January 30 or February 6, 2008 for a hearing date.

The parties are requested to advise the undersigned immediately of their availability on said date(s). Absent a response by October 15, 2007, we will assume the date(s) to be satisfactory and a formal Notice of Hearing will be forwarded promptly.

Very truly yours,


Monica F. Martin-Tyler
Case Manager
248 352 5600
tylerm@adr.org

cc:     Steven M. Bierig, Esq.

08CV4091
JUDGE HART
MAGISTRATE JUDGE MASON
RCC

# EXHIBIT I

## AMERICAN ARBITRATION ASSOCIATION
### Notice of Hearing

March 5, 2008


Bryan Diemer
IUOE, Local 150, AFL-CIO
6140 Joliet Road
Countryside, IL 60525

Terence P. Smith
Connelly Sheehan Harris LLP
150 South Wacker Drive
Suite 1600
Chicago, IL 60606

Re: 51 300 00552 07
     IUOE, Local 150, AFL-CIO
     and
     Roscoe Rock & Sand


Grievances:    #07-044 - Loader Subcontracting

PLEASE TAKE NOTICE that a hearing in the above-entitled arbitration will be held as follows:

Place:   American Arbitration Association
         225 N. Michigan Ave.
         Suite 1840
         Chicago, IL 60601

Date:    September 12, 2008
Time:    10:00 AM
Before:  Steven M. Bierig


NOTE:

Please attend promptly with your witnesses and be prepared to present your proofs.

Monica F. Martin-Tyler
Case Manager
248 352 5500
tylerm@adr.org

NOTICE: The arbitrator(s) have arranged their schedule and reserved the above date(s) based on the advice of the parties. Therefore, every effort should be made to appear on the date(s) scheduled. In the event that unforeseen circumstances make it impossible to attend the hearing as scheduled, a party requesting a postponement should obtain the agreement of the other party. If there is no mutual agreement, the arbitrator(s) will make a determination. All requests for postponements must be communicated to the Case Manager not the arbitrator. There should be no communication between the parties and the neutral arbitrator(s) other than at oral hearings. In some instances, postponements are subject to cancellation fees by the arbitrator(s). Any party wishing a stenographic record must make arrangements directly with the stenographer and notify the other parties in advance of the hearings.

cc:    Steven M. Bierig, Esq.