IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSCOE ROCK AND SAND, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL UNION OF OPERATING ) <br> ENGINEERS, LOCAL 150, AFL-CI0 ) <br> ) <br> Defendant. ) | Case No. 08-cv-4091 <br><br> Judge Hart <br> Magistrate Judge Mason |

## **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

### **INTRODUCTION**

On July 18, 2008, Plaintiff Roscoe Rock and Sand, Inc. ("Roscoe") filed its Complaint and Petition for Declaratory Judgment and Permanent Injunction to Stay Arbitration against Defendant International Union of Operating Engineers, Local 150, AFL-CIO. The pleading contains three counts. Count One is a declaratory judgment action. Count Two is styled as a "Permanent Injunction to Stay Arbitration." And finally, Count Three is styled as an action for "Attorneys Fees and Costs."

Local 150 moved to dismiss all three counts. Local 150 urged this Court to dismiss Counts Two and Three for the same reason; namely, that "permanent injunctions," "attorneys' fees" and "costs" are remedies—not independent causes of action. Roscoe "does not concede" this point of law, but curiously requests leave to withdraw Counts Two and Three (Plaintiff's Response at 1, fn. 1). Although Plaintiff has yet to notice its Motion for Leave to File a First Amended Complaint *Instanter* as required by the Rule 5.3(b) of the Local Rules, Local 150 does not oppose Roscoe's Motion. Now that Roscoe has withdrawn Counts Two and Three, the only

issue before this Court is whether this Court should dismiss Count One for lack of subject matter jurisdiction and/or because Count One fails to state a claim.

**ARGUMENT**

Before responding to Roscoe's legal arguments, Local 150 will make one preliminary observation. In its Complaint, Roscoe sets forth allegations about a 2002 representation election monitored by the National Labor Relations Board (Complaint ¶7). In the "Statement of Facts" section of its Response, Roscoe makes the following inappropriate argument based on the 2002 election results: "Because Local 150 has never been selected by a majority of Roscoe's employees to be their bargaining representative, Local 150 has no legal right to file any grievances or to engage in any form of collective bargaining on their behalf" (Plaintiff's Response at 2). Local 150 is arguing that Roscoe is bound to the terms of the collective bargaining agreement by virtue of the "successor and assigns" clause in Local 150's collective bargaining agreement with Illinois Mining. The 2002 election results are completely irrelevant to these proceedings. Moreover, Roscoe's suggestion that an NLRB election is the only way for a union to become the exclusive representative of a bargaining unit of employees is false. See e.g. Dana Corp., 351 NLRB No. 28 (2007).

**I.     This Court Lacks Subject Matter Jurisdiction Over Count One.**

When Roscoe filed its Complaint, an arbitration was scheduled of September 12, 2008. Recently, the parties agreed to postpone to arbitration hearing pending the resolution of this Motion to Dismiss. At the time of filing, Roscoe sought to enjoin the arbitration. As Local 150 explained in its opening brief, in AT&T Broadband, LLC v. Int'l Bhd. of Elec. Workers, 317 F.3d 758, 763 (7th Cir. 2003) the Seventh Circuit held that the Norris-LaGuardia Act prevents a district court from enjoining an arbitration of a labor dispute. In response, Roscoe explains, "the

2

fact that Roscoe is prohibited from seeking a preliminary injunction to prevent to grievance from going forward does not divest this Court of jurisdiction over the declaratory action" (Plaintiff's Response at 5). Roscoe is right to concede that this Court may not enjoin the arbitration. Roscoe's assertion, however, that this Court nevertheless has jurisdiction over the declaratory judgment action is wrong.

Roscoe leads with a citation to Textron Lycoming Reciprocating Engine Div. v. United Auto Workers, 523 U.S. 653 (1998) in support of its argument that this Court has subject matter jurisdiction over its declaratory judgment action. Importantly, Textron supports Local 150's position. Section 301(a) of the Labor Management Relations Act provides a district court with subject matter jurisdiction over "suits for violation of contracts between an employer and a labor organization. . ." 29 U.S.C. §185. In Textron, the Supreme Court observed that "'[s]uits for violation of contracts' under Section 301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been violated." 523 U.S. at 657. The Textron Court held that a district court has subject matter jurisdiction to determine the validity of a contract only if there is a competing Section 301(a) breach of contract claim pending. Id. at 657-58. Specifically, the Court held "the federal court's power to adjudicate the contract's validity is ancillary to, *and not independent of*, its power to adjudicate 'suits for violation of contracts.'" Id. at 658. [Emphasis supplied]. Notably, Roscoe cited to the above language but conveniently omitted the highlighted text.

There is no pending Section 301(a) suit alleging a violation of a contract. In its Complaint, Roscoe makes a cryptic reference to Section 301 (Complaint at ¶3). But, as Local 150 argued in its opening brief, Roscoe has not pled a violation of Section 301. See Bell Atlantic Corp. v. Twonbly, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007) ("A plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions. . .") Therefore, Roscoe's Declaratory Judgment Act claim is not tethered to a valid Section 301 claim. Under Textron, this Court lacks subject matter jurisdiction to adjudicate Roscoe's claim regarding the validity of the contract independent of a valid Section 301(a) claim.

Roscoe also cites to Local 150 v. Rabine, 161 F.3d 427 (7th Cir. 1998). In that case, Local 150 filed suit under Section 301(a) to enforce an arbitration award. The Employer defended by arguing the underlying contract was invalid. The Seventh Circuit, citing to Textron, observed that the Section 301 "does not provide a federal court with subject matter jurisdiction over a suit to declare a CBA voidable, in the absence of any alleged violation of the agreement." 161 F.3d at 430. It was the existence of Local 150's Section 301 suit to enforce the arbitration award that gave the district subject matter jurisdiction to consider the Employer's claim that the underlying contract was invalid. Without an accompanying Section 301 breach of contract claim, a district court lacks subject matter jurisdiction to consider independently a claim that a collective bargaining agreement is invalid.

The Seventh Circuit's decision in AT&T Broadband is consistent with holding in Textron. In its Response, Roscoe argues "the matter before the court in the Motion for Declaratory Judgment is the determination of whether Roscoe has any contractual obligation to arbitrate disputes with Local 150" (Plaintiff's Response at 7). In AT&T Broadband, the Seventh Circuit instructed that "if it is necessary to litigate about arbitrability, then arbitrate the underlying dispute, and finally return to court to decide whether the arbitration award should be enforced." 317 F.3d at 762. In other words, it is the Section 301 suit to enforce an arbitration award that gives the federal court subject matter jurisdiction to evaluate whether the underlying grievance was arbitrable. Roscoe is correct when it notes that court may determine the validity

4

of an underlying contract. AT&T Broadband simply stands for the proposition that such an examination may not occur before the arbitration. Claims about the validity of a collective bargaining agreement typically arise as a defense to a Section 301 suit to enforce an arbitration award. Absent a Section 301 action, a district court lacks jurisdiction to declare a collective bargaining agreement invalid.

Roscoe next invites the Court to interpret the "successors and assigns" clause in light of Howard Johnson Co. v. Detroit Local Joint Executive Board, 417 U.S. 249 (1974). Again, this Court lacks jurisdiction to interpret the "successors and assigns" clause prior to the arbitration. Moreover, Roscoe misrepresents to law as it relates to successorship cases when it asserts "the rule of law is clear" (Plaintiff's Response at 6). In fact, in Howard Johnson Co., the Supreme Court observed, 417 U.S. at 258:

> Particularly in light of the difficulty of the successorship question, the myriad factual circumstances and legal contexts in which it can arise, and the absence of congressional guidance as to its resolution, emphasis on the facts of each case as it arises is especially appropriate.

In any event, this Court lacks subject matter jurisdiction to determine whether Local 150's grievance is arbitrable prior to the arbitration.

**II.   Roscoe Failed To State A Claim In Count One.**

Roscoe brings Count One pursuant to the Declaratory Judgment Act. As Local 150 explained in its opening brief, the Declaratory Judgment Act, "provides a means for adjudicating the rights of parties prior to the point at which the dispute can be adjudicated by a suit for damages or other affirmative relief." Wireless Mktg. Corp. v. Cherokee, Inc., Case No. 98 C 1406, 1998 U.S. Dist. LEXIS 16114 at *5 (N.D. Ill. Oct. 6, 1998) (emphasis added), citing, Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749 (7th Cir. 1987). Since

Local 150 has already initiated grievance proceedings against Plaintiff; the damage has already accrued. Therefore, Local 150 argued that Roscoe must now present its arguments to the arbitrator.

Notably, Roscoe does not challenge Local 150's legal analysis or offer any cases that support its position that its Declaratory Judgment Act claim is valid. Rather, it asserts a series of equitable arguments as to why this Court should entertain its claim—none of which are relevant in determining whether Roscoe plead a proper claim under the Declaratory Judgment Act. Roscoe concludes its brief by arguing, "while Roscoe may have no choice but to arbitrate the current grievance, it has every right to file a declaratory action so that Local 150 will be foreclosed from harassing it in the future" (Plaintiff's Response at 8). Roscoe is wrong.

The Declaratory Judgment Act is procedural only and does not expand a court's subject-matter jurisdiction, <u>Skelly Oil Co. v. Phillips Petro. Co.</u>, 339 U.S. 667, 671-72 (1950); nor does it supply a court with subject matter jurisdiction, <u>In re: VMS Securities Litigation</u>, 103 F.3d 1317, 1327 (7th Cir. 1996). As explained above, this Court lacks subject matter jurisdiction to consider the existence of a contractual relationship between labor and management absent a Section 301 suit alleging a contract violation. There is simply no independent jurisdictional basis for this Court to consider Roscoe's Declaratory Judgment Act claim.

## **CONCLUSION**

For all the foregoing reasons, in addition to those stated in Local 150's opening brief, Local 150 respectfully requests that this Court dismiss Plaintiff's Complaint and Petition for Declaratory Judgment and Permanent Injunction to Stay Arbitration in its entirety.

Dated: September 3, 2008     Respectfully submitted,

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO


By:   /s/ Bryan P. Diemer
    ———————————————————
    One of the Attorneys for Defendant Local 150

Attorneys for Defendant:
Dale D. Pierson
Bryan P. Diemer
IUOE LOCAL 150
LEGAL DEPARTMENT
6140 Joliet Road
Countryside, IL  60525
Ph. 708/579-6663
Fx. 708/588-1647

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that on September 3, 2008, he electronically filed ***Defendant's Reply in Support of its Motion to Dismiss*** with the Clerk of Court using the CM/CM/ECF system which sent notification to the following:

> Fredrick L. Schwartz
> Alan A. Satyr
> LITTLER MENDELSON, PC
> 200 N. LaSalle Street
> Suite 2900
> Chicago, Illinois 60601

> By: /s/ Bryan P. Diemer
> One of the Attorneys for Defendant Local 150

Attorneys for Defendant:
Dale D. Pierson
Bryan P. Diemer
Local 150 Legal Department
6140 Joliet Road
Countryside, IL  60525
Ph. 708/579-6663
Fx. 708/588-1647