IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROSCOE ROCK AND SAND, INC.,  )
                             )
            Plaintiff,       )
                             )
      v.                     )    No. 08 C 4091
                             )
INTERNATIONAL UNION OF       )
OPERATING ENGINEERS,         )
LOCAL 150, AFL-CIO,          )
                             )
            Defendant.       )

## OPINION AND ORDER

Plaintiff Roscoe Rock and Sand, Inc. brought this suit against defendant International Union of Operating Engineers, Local 150, AFL-CIO seeking a declaration that plaintiff is not bound by a collective bargaining agreement ("cba") under which defendant has requested arbitration of a dispute between the parties. In separate counts, plaintiff also requests that the pending arbitration be enjoined and that plaintiff be awarded costs and fees pursuant to § 303 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 187. In response to defendant's contentions that requests for relief are not properly brought as separate counts, the Norris-LaGuardia Act bars

injunctive relief, and plaintiff has no LMRA claim that can be a basis for awarding fees, plaintiff has voluntarily withdrawn Counts II and III of its Complaint. The only remaining issue raised in defendant's motion to dismiss is whether there is jurisdiction to consider the Count I claim for declaratory relief or, alternatively, whether Count I states a cognizable ground for relief.

According to the allegations of the Complaint,[1] defendant has a cba with Illinois Mining Corporation ("IMC").[2] The IMC CBA contains a successors and assigns clause which applies to certain sales or leases of IMC assets. The IMC CBA also has an arbitration provision. In 2007, plaintiff leased a quarry from IMC. Defendant filed a grievance, contending that, pursuant to the successors and assigns clause of the IMC CBA, plaintiff's work at the leased quarry was subject to the terms of the IMC CBA. Defendant has demanded an arbitration of the grievance. An arbitrator has been appointed and an arbitration hearing had been scheduled for September 12, 2008. In its reply, defendant

---

[1] Defendant does not dispute any of the facts pertinent to the jurisdictional issue. This is not a situation that requires resolving any factual disputes in order to rule on a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

[2] The cba with IMC will be referred to as the "IMC CBA."

represents that the parties have agreed to postpone the arbitration hearing pending resolution of defendant's motion to dismiss.

The Declaratory Judgment Act, 28 U.S.C. § 2201, is not an independent basis of federal court jurisdiction. This court may only consider a request for relief pursuant to the Act if this court otherwise has jurisdiction over the subject matter. Wisconsin v. Ho-Chunk Nation, 512 F.3d 921, 935 (7th Cir. 2008), cert. dismissed, 129 S. Ct. ___, 2008 WL 2047561 (Sept. 26, 2008); In re VMS Sec. Litig., 103 F.3d 1317, 1327 (7th Cir. 1996) (quoting Nationwide Ins. v. Zavalis, 52 F.3d 689, 692 (7th Cir. 1995)); State Farm Fire & Cas. Co. v. Autumn Ridge Condo. Ass'n, Inc., 2008 WL 4372022 *2 (N.D. Ind. Sept. 22, 2008). Plaintiff contends this court has jurisdiction pursuant to § 301 of the LMRA, 29 U.S.C. § 185, because plaintiff is seeking to declare the IMC CBA inapplicable. Defendant contends that § 301 only provides for jurisdiction over claimed violations of a cba, with jurisdiction over an attempt to declare such a cba invalid limited to being ancillary to a claimed violation of the cba.

Both parties cite Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto., Aerospace, Agric. Implement Workers of Am., Int'l Union, 523 U.S. 653 (1998), as supporting

- 3 -

their respective positions. In Textron, a union brought a suit seeking a declaration that a cba was void because fraudulently induced. The union did not allege a then-existing violation of the cba. The district court dismissed the case for lack of subject-matter jurisdiction. Pointing to the language of § 301(a) of the LMRA that the provision related only to "[s]uits for violation of contracts," the Supreme Court held that suits seeking to declare a cba invalid are not directly cognizable under the LMRA. Textron, 523 U.S. at 656-57. The Court recognized, however, that federal courts have the power to consider invalidity claims that are ancillary to § 301 claims of contract violations and went on to consider whether the union's claim was ancillary to a violation claim, holding that it was not. Id. at 658-61.

As to the district court's ancillary powers, the Supreme Court stated:

> This does not mean that a federal court can never adjudicate the validity of a contract under § 301(a). That provision simply erects a gateway through which parties may pass into federal court; once they have entered, it does not restrict the legal landscape they may traverse. Thus if, in the course of deciding whether a plaintiff is entitled to relief for the defendant's alleged violation of a contract, the defendant interposes the affirmative defense that the contract was invalid, the court may, consistent with § 301(a), adjudicate that

> defense. See Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 85-86 (1982). Similarly, a declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid. But in these cases, the federal court's power to adjudicate the contract's validity is ancillary to, and not independent of, its power to adjudicate "[s]uits for violation of contracts."

Id. at 657-58.

Viewed in isolation, the sentence--"Similarly, a declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid."--can be read as permitting plaintiff's type of lawsuit as long as it is a response to an accusation of violating a contract even if, as in plaintiff's situation, that accusation is being raised in another forum. The term used is "plaintiff," not counterplaintiff, so the Court appears to be referring to a lawsuit initiated by the party asserting invalidity. "Plaintiff," though, is a general term that also covers a counterplaintiff or third-party plaintiff. Viewing this sentence in the context of this paragraph and the discussion that follows, the sentence can be read as only referring to a counterclaim or third-party claim raised in a suit in which the initial claim is of a cba being violated. The "similarly" reference is to the prior example of an affirmative defense being

raised in the same lawsuit as the claimed violation. The beginning of the paragraph recites the need to initially get through the jurisdictional gate by having a claimed contract violation. The end of the paragraph emphasizes that jurisdiction over the invalidity claim is ancillary not independent. Additionally, when thereafter discussing the particular claim in the case, the Supreme Court rejects the possibility that federal jurisdiction can rest on raising as the primary claim in a lawsuit what would amount to a nonfederal (invalidity) defense to a federal (violation) claim. See id. at 658-60. That last issue, however, may be properly characterized as dictum since the Court goes on to hold that, even if the rule is otherwise, it would not help the union because, at the time the declaratory judgment action was filed, there was no existing dispute regarding a violation of the contract. Id. at 660-61.

Thus, as the prior discussion indicates, Textron does not clearly support one side or the other. It is, however, unnecessary to attempt to predict which way the Supreme Court would come out on the question of whether there is § 301 jurisdiction over a declaratory judgment action seeking a declaration of invalidity in response to a claimed contract violation made in a separate proceeding or simply asserted

informally. This court is bound to follow decisions of the Seventh Circuit, including Seventh Circuit interpretations of Supreme Court decisions. **Although not cited by either party,**[3] following Textron, two Seventh Circuit cases address situations in which, separate from proceedings alleging a contract violation, an employer initiates a declaratory judgment action seeking a declaration of invalidity.

The posture of <u>J.W. Peters, Inc. v. Bridge, Structural & Reinforcing Iron Workers, Local Union 1, AFL-CIO</u>, 398 F.3d 967 (7th Cir. 2005), is similar to the present case. Employer Peters was a signatory to a multi-employer pre-hire agreement.[4] Peters informed the Union that, effective immediately, it was terminating its participation in the pre-hire agreement. The Union, however, contended the termination notice was untimely and therefore without effect. The Union eventually filed a grievance and request for arbitration regarding whether Peters could then terminate its participation. Shortly thereafter, Peters filed a district court lawsuit seeking a declaration that the agreement no longer applied to Peters. In the declaratory action, Peters

---

[3] This serious oversight greatly diminishes the reliability of either party's presentation.

[4] A pre-hire agreement is a cba peculiar to the construction industry. See Peters, 398 F.3d at 969 n.1.

also moved to stay the arbitration proceeding. The Seventh Circuit held that the district court had jurisdiction over the declaratory action because it was a response to the Union accusing Peters of violating the parties' cba.

> Although the Supreme Court subsequently held in Textron Lycoming Reciprocating Engine Div. v. United Automobile Workers, 523 U.S. 653, 657 (1998), that "'[s]uits for violation of contracts' under § 301 are not suits that claim a contract is invalid, but suits that claim a contract has been violated," Textron does not foreclose jurisdiction in this case. In Textron, the union sought a declaratory judgment that its collective bargaining agreement with employer Textron was invalid after Textron announced that it would subcontract out a substantial volume of work, causing half of the union members to lose their jobs. Id. at 655. The union alleged that Textron had fraudulently induced it to sign the agreement by concealing its plans to subcontract work. Id. The union did not allege, however, that either it or Textron ever violated the terms of the collective bargaining agreement. Id. The Court concluded: "Because the Union's complaint alleges no violation of the collective-bargaining agreement, neither we nor the federal courts below have subject matter jurisdiction over this case under § 301(a) of the Labor-Management Relations Act." Id. at 661-62.
> The Supreme Court specifically stated, however, that "a declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid" and emphasized that, in the case before it, "the Union neither alleges that Textron has violated the contract, nor seeks declaratory relief from its own violation." Id. at 658. In this case, by contrast, Peters was accused of violating the terms of the collective bargaining agreement by attempting to terminate the collective bargaining relationship without providing proper notice. Peters sought

> declaratory relief from this alleged violation.
> Thus, this is a suit "for violation of contracts"
> within the meaning of § 301. Moreover, unlike in
> Textron, where the Court found that there was no
> evidence of a concrete dispute between the
> parties over the contract's voidability at the
> time the suit was filed, id. at 660-61, here,
> there is undoubtedly a ripe dispute between the
> parties. The district court therefore had
> jurisdiction to resolve the legal issues and
> decide whether Peters's unilateral repudiation
> was valid, or whether it should allow the case to
> proceed to arbitration before the JAB.

Peters, 398 F.3d at 972-73.

Newell Operating Co. v. International Union of United Auto., Aerospace, and Agric. Implement Workers of Am., 532 F.3d 583 (7th Cir. 2008), is also a situation in which an employer brought a declaratory judgment action for invalidity separate from the accusations of a contract violation. Employer Newell had amended an ERISA welfare benefits plan allowing increased premiums for retirees. In anticipation of complaints from the retirees and their union, Newell (plus related entities, the ERISA plan, and the plan's administrative committee) filed a declaratory judgment action in federal district court in Illinois seeking a declaration that the amendment did not violate ERISA or the LMRA. Named as defendants were the Union ("UAW") and 474 retirees. Approximately a month later, the UAW and four retirees filed a putative class action in federal district court in

Michigan alleging the amendment violated ERISA and breached the applicable cba in violation of the LMRA. In the Illinois case, the UAW moved to dismiss for lack of jurisdiction or, alternatively, to transfer venue to the Michigan district. The Illinois court held that there was no proper jurisdiction under ERISA, but there was jurisdiction under the LMRA. Nevertheless, the district court exercised its discretion to decline to retain jurisdiction over a declaratory judgment action, reasoning that it was more appropriate to resolve the dispute in the Michigan case. The Seventh Circuit affirmed, upholding on de novo review that there was proper LMRA jurisdiction, id. at 589-90, no proper ERISA jurisdiction, id. at 588-89, and it was appropriate to decline to retain jurisdiction over the declaratory action, id. at 590-92.

As to there being proper LMRA jurisdiction, the Seventh Circuit stated:

> The appellants' argument for jurisdiction under the LMRA relies heavily on our decision in J.W. Peters, Inc. v. Bridge, Structural & Reinforcing Iron Workers, for the proposition that when an employer accused of violating the terms of a collective-bargaining agreement files suit for declaratory relief, that suit is an action "for violation of contracts within the meaning of § 301." 398 F.3d 967, 973 (7th Cir. 2005) (internal quotation omitted). Jurisdiction under LMRA § 301 is "extremely limited" and encompasses only suits "'filed because a contract

> has been violated'"-it does not extend to "'suits that claim a contract is invalid.'" [Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm. v.] Troha, 328 F.3d [325,] 329 [(7th Cir. 2003)] (quoting Textron Lycoming Reciprocating Engine Div. v. United Auto., Aerospace, Agric. Implement Workers of Am., 523 U.S. 653, 656-57 (1998)). But "'a declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid.'" Stevens Constr. Corp. v. Chi. Reg'l Council of Carpenters, 464 F.3d 682, 685 (7th Cir. 2006) (quoting Textron, 523 U.S. at 658).
>
> Although § 301 provides only limited jurisdiction, we agree with the appellants (and the district court's footnote) that the appellants' LMRA § 301 claim falls within the statute's jurisdictional contours. Newell amended the Plan to charge premiums to retirees. Kirsch's collective-bargaining agreement with the UAW obligated Newell to provide certain welfare benefits for the lives of the retirees. Some retirees, and the UAW, claim that the amendments to the Plan violated the terms of the collective-bargaining agreements by ceasing to provide these benefits for life to retirees who do not pay premiums. This dispute is over whether Newell's conduct violated the collective-bargaining agreement, and Newell seeks a declaration that its amendments were appropriate. This suit involves the alleged violation of the collective-bargaining agreement, and therefore falls within the plain terms of LMRA § 301.

Newell, 532 F.3d at 590. The Seventh Circuit did not attribute any significance to the facts that the accusations of violating the cba were raised in a separate proceeding in a different federal district court, the declaratory judgment action was filed

in anticipation of complaints from the UAW, and the declaratory judgment action was filed before the UAW's Michigan case.

In Stevens Constr., 464 F.3d at 684-85, the Seventh Circuit also held there was proper LMRA jurisdiction. In that case, the employer declined to assent to a new cba negotiated by a multi-employer association of which the employer was a member. The union subsequently filed a grievance that the employer was violating the new cba. The employer filed a declaratory judgment action seeking a declaration that it was not bound by the new cba and an injunction prohibiting arbitration of the grievance. In the same case, the union filed counterclaims to compel arbitration or, alternatively, for a declaratory judgment that the employer was bound by the new cba. The Seventh Circuit held there was LMRA jurisdiction over the case:

> Section 301(a) of the Labor Management Relations Act of 1947, provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). As a general matter, § 301(a) applies only to "suits that claim a contract has been violated," not to "suits that claim a contract is invalid." Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Automobile, Aerospace, Agricultural Implement Workers of America, Int'l. Union, 523 U.S. 653, 657-58 (1998). There is an exception to this general rule, however, for situations in which, "in the course of deciding

whether a plaintiff is entitled to relief for the
defendant's alleged violation of a contract, the
defendant interposes the affirmative defense that
the contract was invalid." Id. at 658. In such
cases, "a declaratory judgment plaintiff accused
of violating a collective-bargaining agreement
may ask a court to declare the agreement
invalid." Id.

Stevens Constr., 464 F.3d at 684-85.

Like the Peters case, the accusations of the IMC CBA being violated are raised in a separate arbitration proceeding and the federal lawsuit contains only plaintiff employer's request to declare the IMC CBA inapplicable to it. This court is bound to follow the holding in Peters and the other Seventh Circuit cases described above in holding that there is jurisdiction over plaintiff's action pursuant to § 301. Count I will not be dismissed for lack of subject matter jurisdiction.

Defendant also contends that Count I fails to state a claim because defendant has already initiated an arbitration that will raise the merits of the issue that plaintiff seeks to raise defensively in the declaratory judgment action. However, the cases cited by defendant, see Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749-50 (7th Cir. 1987); Anderson v. Capital One Bank, 224 F.R.D. 444, 448-49 (W.D. Wis. Oct. 5, 2004); Wireless Mktg. Corp. v. Cherokee Inc., 1998 WL 719944 *3-4

(N.D. Ill. Oct. 6, 1998), do not go to the issue of whether a claim is adequately stated. They instead go to the issue of whether a court should exercise discretion to decline jurisdiction over a declaratory judgment action.

Defendant cites a case holding that it is generally inappropriate to entertain a declaratory judgment action in a situation where all possible damages have accrued because that eliminates the possibility of the declaratory judgment plaintiff benefitting from an early determination of rights. See Anderson, 224 F.R.D. at 448-49. See also NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V., 28 F.3d 572, 577-78 (7th Cir. 1994). There is no need to address the full contours of this rule because that is not the situation in the present case.[5] A declaration that the IMC CBA does not apply to plaintiff would likely result in the arbitration proceeding being terminated. Even though the arbitration proceeding has been initiated and the potential damages awarded therein already accrued, additional expenses will be incurred if the arbitration proceeds to a

---

[5]It apparently is true that any damages that may be awarded in the arbitration have already accrued. According to plaintiff's allegations, plaintiff "worked in the Quarry for a brief period of time in March of 2007." Compl. ¶ 11. That work is the subject of the grievance. There is no contention or indication that plaintiff intends to do further work at the quarry.

conclusion. Plaintiff has a benefit that it can derive from pursuing the declaratory action now instead of waiting for the arbitration to conclude.

Defendant also raises another basis for declining jurisdiction. When the opposing side has filed a corollary lawsuit raising the issues that the declaratory judgment seeks to preclude, it is often appropriate to defer to that action and decline to exercise jurisdiction over the declaratory judgment action. See, e.g., Newell, 532 F.3d at 590-92. Whether this court should decline jurisdiction here depends, in part, on whether the arbitration proceeding is a more apt proceeding for resolving the disputed issue. See Triple Canopy, Inc. v. Moore, 2005 WL 1629768 *3-4 (N.D. Ill. July 1, 2005); Miner Enter., Inc. v. Adidas AG, 1995 WL 708570 *2-3 (N.D. Ill. Nov. 30, 1995). Cf. Mieling v. Norkar Tech., Inc., 176 F. Supp. 2d 817, 819-20 (N.D. Ill. 2001). In Stevens Constr., 464 F.3d at 686-87, the Seventh Circuit held that it was appropriate to exercise declaratory judgment jurisdiction involving questions as to whether an employer was a party to a new cba even though the same issue was before an arbitrator and a ruling in the employer's favor would likely preclude the arbitration. That is essentially the same situation as the present case. In the present situation where plaintiff was not previously subject to the IMC CBA and

there is a question of whether plaintiff is subject to the arbitration provision even if subject to the IMC CBA, it is appropriate to retain jurisdiction over Count I.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [12] is denied as to Count I of the complaint and denied as moot as to Counts II and III of the complaint. Counts II and III of the complaint are withdrawn. Within one week, plaintiff shall file its amended complaint. Within two weeks thereafter, defendant shall answer the amended complaint. All discovery is to be completed by January 9, 2009. A status hearing will be held on January 14, 2009 at 11:00 a.m.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 16, 2008